J-S78017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONALD J. SHERILL | |
| Appellant | No. 1236 MDA 2014 |

Appeal from the Judgment of Sentence April 11, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001065-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 14, 2015**

Appellant Donald J. Sherill appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas following his bench trial conviction for aggravated assault.[1]  After review, we affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On September 18, 2012, while serving a period of incarceration for criminal attempt to commit homicide[2] and criminal conspiracy to commit aggravated assault,[3] Appellant spit into one prison guard's face and bit another prison

---

[1] 18 Pa.C.S. § 2702(a)(3).

[2] 18 Pa.C.S. § 901; § 2501.

[3] 18 Pa.C.S. § 903(a); § 2702(a).

guard's wrist. At the time of the assault, the two guards were attempting to handcuff Appellant to transport him from the misconduct hearing room to the restricted housing unit within the prison. Appellant was charged with aggravated assault and aggravated harassment by a prisoner.[4]

On April 11, 2014, Appellant pled guilty to aggravated assault, and the Commonwealth withdrew the aggravated harassment charge. The court sentenced Appellant to thirty-six to seventy-two (36-72) months' incarceration to run consecutively to the sentence he was serving at the time. On April 16, 2014, Appellant filed a post sentence motion, which the court denied on May 6, 2014. Appellant timely filed a notice of appeal on June 5, 2014, and the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed his Rule 1925(b) statement on June 26, 2014. On September 16, 2014, Appellant's counsel filed a petition for leave to withdraw along with an **Anders** brief.

As a preliminary matter, appellate counsel seeks to withdraw his representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa.2009). Prior to withdrawing as counsel on a direct appeal under

---

[4] 18 Pa.C.S. § 2703.1.

*Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel must also provide a copy of the *Anders* brief to the appellant, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007), *appeal denied*, 936 A.2d 40 (Pa.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Here, counsel filed a petition for leave to withdraw as counsel. The petition states counsel made a conscientious and extensive review of the record and the law in this matter, and determined there were no non-

- 3 -

frivolous issues to be raised on appeal. The petition explains counsel notified Appellant of the withdrawal request, supplied him with a copy of the *Anders* brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. *See Anders* Brief, pp. 1-3. Accordingly, counsel has substantially complied with the requirements of *Anders* and *Santiago*.

As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issue raised in the *Anders* brief:

> WHETHER THE TRIAL COURT ERRED BY MAKING THE SENTENCE TO BE SERVED [CONSECUTIVE] RATHER THAN [CONCURRENT] TO [APPELLANT'S] PREVIOUS SENTENCE?

*Anders* Brief at 1.

In the *Anders* brief, counsel states he found nothing that arguably supports an appeal, because Appellant challenges the discretionary aspects of sentencing without raising a substantial question. We agree.

When reviewing a challenge to the discretionary aspects of sentencing, we determine whether the trial court has abused its discretion. *Commonwealth v. Seagraves*, ___ A.3d ___, 2014 PA Super 252, *3

- 4 -

(Nov. 6, 2014). "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Allen**, 24 A.3d at 1064.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Id.** (internal citations omitted). A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d 581 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011). In fact, the imposition of consecutive rather than concurrent sentences will only present

a substantial question in "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa.Super.2012), *appeal denied,* 75 A.3d 1281 (Pa.2013).

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post sentence motion. Appellant's brief, however, does not include a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Nevertheless, in light of Counsel's petition to withdraw, we will proceed to address whether Appellant raises a substantial question. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super.2009) (observing that ***Anders*** requires review of issues otherwise waived on appeal).

Appellant was sentenced to thirty-six to seventy-two (36-72) months' incarceration for spitting on and biting prison guards while he was already incarcerated. The aggregate sentence is not unduly harsh, considering the nature of the crimes and the length of imprisonment. Thus, Appellant's challenge to the discretionary aspects of his sentence does not present a substantial question. ***See Lamonda, supra.***

Because Appellant does not raise a substantial question, we need not address whether the court abused its discretion in the imposition of its sentence. Further, after an independent review of the record, we agree with Counsel that this appeal is wholly frivolous.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2015